UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamie T. Henderson, <br> *a.k.a. Jamie Henderson,* <br> *a.k.a. Jamie Terrell Henderson,* <br><br> Plaintiff, <br><br> vs. <br><br> Major Gilliam, Danny; <br> Captain Shane Kitchens; <br> LT. Adams; <br> MCO McClanahan, <br><br> Defendants. | C/A No. 2:11-03138-CMC-BHH <br><br><br><br><br><br><br><br> Report and Recommendation |

Plaintiff, Jamie T. Henderson (Plaintiff), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff, who files this action *in forma pauperis*, indicates that he is currently serving a one year sentence for failure to pay child support at the Newberry County Detention Center (NCDC). The Complaint names NCDC employees as defendants.[1] Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915;

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: : *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir.1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983).

The Complaint was filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. at 327.

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 631 n. 1 (4th Cir.2003). The requirement of liberal construction, however, does not mean that the court can ignore a

clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal.

## Background

The Complaint states that, on April 28, 2011, Plaintiff was detained at the Newberry County Detention Center (NCDC) on a bench warrant for child support. ECF No. 1, page 3. In the process of serving the bench warrant, "a controlled substance was found near a house" and Plaintiff was arrested for possession with intent to distribute (PWID). *Id.* On May 3, 2011, Plaintiff was sentenced to "1 year for one case & 1 year for another child support case." *Id.* However, Plaintiff remained in "pre-trial unit from 4/28/11 until 6/28/11, the day [he] pled guilty to Possession of Crack Cocaine and received a suspended sentence of 3 years to 3 years probation." *Id.* The Complaint alleges that the Defendants have denied Plaintiff credit toward his one year sentence for the sixty-two (62) days spent in pre-trial detention. *Id.* In section two of the pleading, Plaintiff also complains "that inmates have no right to obtain law books from the facility," and of the "opening of legal mail while not being present." *Id.* at 2. Plaintiff seeks monetary damages for the Defendants' actions. *Id.* at 5.

## Discussion

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114(1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)).

A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

In the instant action, Plaintiff complains that his sentence has been incorrectly calculated by the Defendants, who have denied Plaintiff credit for time spend in pre-trial detention. However, in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court determined that where an action would necessarily implicate the validity of a conviction, a prisoner may not pursue a damages claim under § 1983, unless he can also demonstrate that the conviction or sentence has already been invalidated. *See Young v. Nickols*, 413 F.3d 416, 418 (4th Cir. 2005). The instant Complaint claims that the Defendants have denied Plaintiff credit toward his current one year sentence. Plaintiff maintains that the sixty-two (62) days of pre-trial credit that are in dispute would entitle him to sooner release from confinement. ECF No. 1, page 3. Such a claim challenges the validity of Plaintiff's continued incarceration, however, the Complaint provides no facts to demonstrate that Plaintiff's one year sentence has been invalidated. Therefore, Plaintiff's claim against the Defendants for improper denial of pre-trial credit, is barred by *Heck's* favorable termination requirement and subject to summary dismissal. *See Heck*, 512 U.S. 477; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (noting that *Heck* and its progeny "taken together, indicate that a state prisoner's § 1983 action is

barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration"); *Rooding v. Peters*, 92 F.3d 578, 580-81 (7th Cir. 1996) ("Rooding's § 1983 claim for damages, challenging the duration of his confinement, is the type of § 1983 claim that would necessarily implicate the validity of his incarceration. Therefore, Rooding's cause of action under § 1983 did not accrue until he prevailed in the mandamus action-he could not have joined the state habeas/mandamus action with his § 1983 action.").

Plaintiff also complains that inmates have "no right to obtain lawbooks from the facility," and that legal mail is opened "while not being present." ECF No. 1, page 2. However, Plaintiff provides no facts elsewhere in the Complaint to support these bare allegations. Although the Court must liberally construe the *pro se* Complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989). He must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). As the Complaint's general claims regarding the opening of legal mail and the lack of a law library are insufficient to state a claim against the Defendants, this case is subject to summary dismissal.[2]

---

[2] In addition, the Fourth Circuit Court of Appeals has held that local jails, designed for temporary detainment, are generally not required to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987).

## Recommendation

Accordingly, it is recommended that the Complaint in the above-captioned case be dismissed without prejudice.

s/Bruce Howe Hendricks<br>
United States Magistrate Judge

December 13, 2011
Charleston, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).